# SUSSMAN & ASSOCIATES
## ~Attorneys at Law~

MICHAEL H. SUSSMAN
JONATHAN R. GOLDMAN
HALLIE GAINES
*Of Counsel:*
CHRISTOPHER D. WATKINS

1 Railroad Ave. – Suite 3
P.O. Box 1005
Goshen, New York 10924

LEGAL ASSISTANT
GERI PRESCOTT

(845) 294-3991
Fax: (845) 294-1623
sussman1@frontiernet.net

August 27, 2018                                **VIA ECF**

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

> Re:    **Montero v. City of Yonkers, et al.;**
>        **15 cv 4327 (KMK)**

Dear Judge Karas:

This responds to Mr. Quinn's letter seeking dismissal of his client, Keith Olson, on the alternative grounds that Olson was either not acting under color of law and therefore not subject to 42 U.S.C. § 1983 liability, or he is entitled to qualified immunity. While several of the Amended Complaint's allegations reflect that Olson was acting in his capacity as a police officer vis-a-vis retaliatory acts against Plaintiff (See ¶¶ 23, 30, 31, 34, 35, 36, 46, 47, 52, 53, 54, 59, 60),[1] ultimately that inquiry makes little difference in light of the Second Circuit's holding that Plaintiff's protected

---

[1] As Defendant notes, but for qualified immunity, Olson could also be held liable under Section 1983 if he was acting in concert with state actors with respect to retaliating against Plaintiff. The Amended Complaint makes clear that, to the extent that Olson was acting as union president as opposed to police officer, he was in acting in concert with Mueller and Moran, both of whom were state actors, to retaliate against Plaintiff. *See Ciambrello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (private actor subject to Section 1983 liability if "alleged facts demonstrat[e] that he acted in concert with the state actor to commit an unconstitutional act. Put differently, a private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'" (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

activity was not clearly established as protected by the First Amendment at the time of the underlying events in this case, thus entitling the individual defendants to qualified immunity.

Given that Olson has now asserted a defense of qualified immunity, Plaintiff acknowledges that, regardless of whether Olson was acting under color of law, Plaintiff's First Amendment claim against him cannot be sustained.

Respectfully submitted,

Christopher D. Watkins

cc:     Andrew C. Quinn, Esq. (Via ECF)