

399 KNOLLWOOD ROAD, SUITE 220
WHITE PLAINS, NEW YORK 10603
Tel: 914.997.0555
Fax: 914.997.0550

35 Worth Street
New York, NY 10013
Tel: 646.398.3909

August 26, 2018

*Via ECF only*

Judge Kenneth M. Karas
United States District Courthouse
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Re:** **Montero v. City of Yonkers, et al.**
**Docket No. 15 Civ. 4327 (KMK)**

Dear Judge Karas:

   As you are aware, The Quinn Law Firm, PLLC has been retained to represent defendant Keith Olson ("Olson") in the above-referenced matter. In accordance with the Court's order dated July 19, 2018, and in light of the decision of the Second Circuit Court of Appeals dated May 16, 2018 relative to Olson's previously filed and granted motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), we hereby respectfully submit this new request to dismiss the complaint on the grounds that (1) if the court finds that Olson was acting as a state actor, he is entitled to qualified immunity; and (2) if the Court determines that Olson was not acting as a state actor, then he is not subject to suit under 42 U.S.C. §1983. In either circumstance, the Court is compelled to dismiss the complaint.

   Inasmuch as the Court is fully familiar with the underlying complaint and procedural history of the instant matter, we will not burden the Court with a detailed procedural history of the case. However, certain information is necessary to a determination of the instant letter motion and will be referenced herein: on October 13, 2015, plaintiff Raymond Montero ("Montero") filed his first amended complaint which alleged that he was retaliated against by members of the Yonkers Police Department, including Olson, for making a speech at a PBA meeting while in his capacity as PBA vice-president wherein he was critical of management of the Department.[1] Montero premised federal jurisdiction pursuant to 42 U.S.C. §1983. Thereafter, all defendants moved to dismiss the complaint on various grounds, the common argument being that

---

[1] Notably, in his original complaint filed on June 14, 2015, plaintiff included two specific claims of conspiracy between Olson and the remaining defendants. See PACER Docket Sheet Entry No. 1 dated June 14, 2015, Counts II and VI. In his First Amended Complaint, which was filed after oral argument before the Court on September 9, 2015 and the retention of new counsel, plaintiff specifically withdrew his claims of conspiracy on both the state and federal level. See First Amended Complaint, PACER Docket Entry No. 20. Plaintiff also dropped the Yonkers PBA from his first amended complaint.

Montero did not sufficiently allege that his speech was protected by the First Amendment and he could therefore not state a claim for retaliation.

On December 20, 2016, this Court granted the motions to dismiss filed by the individual defendants (Olson, Moran and Mueller) and the municipal defendant (City of Yonkers), finding that Montero's speech was not constitutionally protected, inasmuch as Montero has not spoken as a "private citizen" but rather, had spoken as a public employee on matters that were "tangentially related" to his job duties. *See* <u>Montero v. City of Yonkers</u>, 224 F. Supp. 3d 257, 260-63 (S.D.N.Y 2016).

Montero took his appeal to the Second Circuit Court of Appeals on January 5, 2017. The Circuit Court heard oral argument on September 8, 2017. The Court thereafter issued its opinion on May 16, 2018 reversing this Court's Opinion and Order. Ironically, the Circuit based its decision on an issue not specifically argued by either party: that this Court's determination that Montero's speech as pled was at least "tangentially related" to his job duties and was therefore unprotected first amendment speech, was incorrect. The Circuit Court held that Montero's union speech was not "'part and parcel' of his concerns about his ability to 'properly execute' his official job duties" and "did not fall within his employment responsibilities", and that he was therefore speaking as a private citizen whose speech was protected. *See* <u>Montero v. City of Yonkers</u>, 890 F.3d 386 (2d Cir. 2018).[2]

As to the claims against the specific defendants, the Circuit Court held that Montero failed to plausibly allege that the City of Yonkers could be held municipally liable for violating his first amendment rights, and therefore dismissed his claims against it. *Id*. at 403-404. As to the individually named defendants, the Circuit Court dismissed Mueller and Moran from the complaint finding that, "since the role of a citizen analogue in determining whether one speaks as a citizen remained murky" at the time of the alleged retaliation, they were protected by qualified immunity. *Id*. at 402-03. As to Olson, the Circuit Court noted that Olson did not claim qualified immunity as a defense, so it was precluded from dismissing the complaint as to him, though the Circuit noted that the "parties have not addressed whether Olson qualifies as a "state actor" in the first place and if he can therefore be liable under Section 1983". *Id*. at 402. This issue was not raised by either party in briefs or oral argument, nor was it raised at oral argument. The Circuit did note that the issue, as well as whether Olson would be entitled to qualified immunity, could be "addressed" at the District Court level. *Id*. at 402, fn. 5.

In his first amended complaint, Plaintiff alleges that Olson is a state actor: "Defendant Keith Olson ("Olson") is and has been at all relevant times President of the Yonkers PBA and a police officer with the Department. He is sued in his individual capacity for actions taken under color of state law." *See* First Amended Complaint, ¶5. To the extent that Olson is sued in his capacity as an employee of the City of Yonkers acting in his capacity as a state actor, the he is entitled to have the complaint dismissed on the grounds of qualified immunity. *See* <u>Montero v. City of Yonkers</u>, 389 F. 3d at 402-403.

---

[2] The Circuit Court further held that Montero's speech, as pled in his first amended complaint, qualified as statements on matters of public concern. See <u>Montero</u>, 890 F.3d at 401.

To the extent the plaintiff's complaint may be interpreted as alleging that Olson was acting not as a state actor, but as a union official acting in his capacity as a union President, then he has failed to sufficiently allege a 42 U.S.C. §1983 claim. It is axiomatic that, in order to bring a claim pursuant to 42 U.S.C. §1983, a plaintiff must allege that the defendant was acting as a state actor under color of state law: "Section 1983 creates liability for any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives or causes any person within the jurisdiction of the United States to be deprived of "any rights, privileges, or immunities secured by the Constitution and [federal] laws . . . ." 42 U.S.C. § 1983. To sustain an action under §1983, the conduct at issue "must have been committed by a person acting under color of state law" and "must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F. 3d 545, 547 (2d Cir. 1994).

To the extent that Montero alleges that Olson was acting in his role as union president, his complaint fails to state with specificity how Olson acted in concert with the City of Yonkers. LaBoy v. Seabrook, 199 U.S. Dist. LEXIS 10452 (S.D.N.Y. July 25, 1996). To the contrary, Montero specifically withdrew any claim that Olson and the City were working conspiratorially, and his complaint fails to make any such allegation. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); *see also* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). As a result, his complaint must be dismissed on that ground.

Accordingly, it is respectfully requested that the Court dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Very truly yours,

Andrew C. Quinn, Esq.

ACQ:jg

cc: Chris Watkins, Esq.
     Attorney for Plaintiff